UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF VINMAR OVERSEAS, LTD. FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING,<br><br>VINMAR OVERSEAS, LTD.,<br><br>                              *Applicant.* | 24 Misc. 164 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Applicant Vinmar Overseas, Ltd. ("Vinmar" or "Applicant") filed this *ex parte* application seeking an order under 28 U.S.C. § 1782 authorizing it to serve a subpoena on The Clearing House Payments Company L.L.C. ("Clearing House"), which entity operates the Clearing House Interbank Payment System ("CHIPS"). Applicant contends that the documentary evidence sought in its proposed subpoena is relevant to a civil proceeding currently pending before the Central Jakarta District Court, Indonesia (the "Jakarta Action"). For the reasons set forth in the remainder of this Order, Applicant's request is granted.

## BACKGROUND[1]

### A. The Parties

Applicant is a limited liability company established under the laws of the Bahamas, with its principal place of business in Houston, Texas. (Radjawane

---

[1] This Order draws its facts from the declaration of Davy Helkiah Radjawane submitted in support of Vinmar's application for judicial assistance pursuant to Section 1782. (Dkt. #1-1 ("Radjawane Decl.")). For ease of reference, the Court refers to Vinmar's *ex parte* application and accompanying memorandum of law in support as "App. Br." (Dkt. #1).

Decl. ¶ 5). Applicant is in the business of marketing and distribution of plastics and chemicals. (*Id.*). In 2009, Applicant obtained a judgment (the "2009 Judgment") against PT. Sumi Asih ("PT. Sumi"), a company in the business of producing oleochemicals derived from palm oil and coconut oil, and organized under the laws of Indonesia, with its principal place of business in Bekasi, Indonesia. (*Id.* ¶¶ 6-9).

**B.   The Application**

The present application arises out of Applicant's efforts to enforce the 2009 Judgment against PT. Sumi, which judgment totals $6,133,800.00, plus interest at the rate of 5% per annum. (App. Br. 1-2). On April 4, 2022, Applicant commenced the Jakarta Action against certain individual shareholders of PT. Sumi — Alexius Darmardi Karjantoputro, Markus Susanto, and Muljadi Budiman (together, the "Foreign Insider Defendants") — as well as PT. Sumi's corporate shareholders — PT. Mulia Darma Sarana and Stargate Trading Limited (the "Foreign Corporate Defendants," and together with the Foreign Insider Defendants, the "Foreign Defendants"). (*Id.* at 2). Applicant alleges that the Foreign Defendants diverted PT. Sumi's assets for their own benefit, and to the detriment of Applicant and other creditors. (*Id.*). In particular, Applicant maintains that PT. Sumi, while under the control of the Foreign Defendants, frustrated Applicant's efforts to enforce the 2009 Judgment, by engaging in frivolous litigation and transfers of assets from PT. Sumi to the Foreign Defendants. Applicant has obtained, in connection with the Jakarta Proceeding, evidence showing that PT. Sumi transferred

significant sums of funds to an entity named PT. Evonik Sumi Asih, owned by PT. Sumi and one of the Foreign Defendants. (*Id.*).

Accordingly, Applicant commenced the Jakarta Proceeding pursuant to Indonesia's Law on Limited Liability Companies No. 40 of 2007 (the "Indonesian Company Law"), seeking, *inter alia*, to pierce PT. Sumi's corporate veil to hold the Foreign Defendants liable for the debt owed to Applicant under the 2009 Judgment. (App. Br. 2). Applicant's claims are made under different provisions of the Indonesian Company Law establishing that directors and managers may be held responsible for a company's debts if they act contrary to their management and caretaking obligations, and that shareholders of a company can be held personally liable for the debts of the company if those shareholders are involved in a tortious act of the company. (*Id.* at 3 (citing Indonesian Company Law Art. 97(3), 114(3))).

Applicant filed the request in this case seeking an order permitting it to serve a subpoena for documents maintained by Clearing House on CHIPS, a funds-transfer system that processes and maintains records of payment messages between banks. (App. Br. 3; *see* Dkt. #1-2 (proposed subpoena addressed to Clearing House (the "CHIPS Subpoena"))). The subpoena seeks documents in which the Foreign Defendants are listed as the originators or recipients of international wire transfers, or are otherwise referenced in the messages accompanying the wire transfers. (*See* CHIPS Subpoena). Applicant represents that the documentary evidence sought by this subpoena is relevant to Applicant's claims in the Jakarta Proceeding that the Foreign Defendants

3

were involved in the transfer of PT. Sumi's assets to themselves or to entities owned or controlled by them. (App. Br. 3-4). The evidence would further tend to prove that the Foreign Defendants acted in their personal interest and not in the interest of PT. Sumi, or that they otherwise acted to direct PT. Sumi to continue evading payment of the debt owed to Applicant. (*Id.* at 4).

The proposed subpoena is temporally limited to coincide with Clearing House's applicable document and information retention period. (CHIPS Subpoena, Instructions ¶¶ 1-2). The subpoena seeks two categories of information: (i) an electronic copy of all wire transfers processed through CHIPS in which the Foreign Defendants' names appear in the wire or payment message; (ii) an electronic copy of all wire transfers processed through CHIPS in which certain PT. Sumi-related search terms appear in the wire or payment message. (*Id.*, Document Requests ¶¶ 1-2).

## LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). "The analysis of a district court hearing an application for discovery pursuant to [Section] 1782 proceeds in two steps." *Fed. Republic of Nigeria* v. *VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022). At the

4

first step, the court must determine whether the applicant satisfies Section 1782's three statutory requirements: that "[i] the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, [ii] the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and [iii] the application is made by a foreign or international tribunal or any interested person." *Mees* v. *Buiter*, 793 F.3d 291, 297 (2d Cir. 2015); *accord Fed. Republic of Nigeria*, 27 F.4th at 148.

If the applicant meets the statutory requirements, the district court "may grant discovery under [Section] 1782 in its discretion." *Mees*, 793 F.3d at 297. The court must exercise its discretion "in light of the twin aims of the statute: [i] 'providing efficient means of assistance to participants in international litigation in our federal courts and [ii] encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Schmitz* v. *Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004) (quoting *In re Application of Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997)).  To evaluate whether granting an application would further Section 1782's aims, the court must consider four factors that the Supreme Court set forth in *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).  *See Fed. Republic of Nigeria*, 27 F.4th at 148.  These four so-called "*Intel* factors" are:

> [i] whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for [Section] 1782(a) aid generally is not as apparent; [ii] the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;

5

> [iii] whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and [iv] whether the request is unduly intrusive or burdensome.

*Id.* (internal quotation marks omitted).

## DISCUSSION

At the outset, the Court observes that "it is neither uncommon nor improper for district courts to grant applications made pursuant to [Section] 1782 *ex parte.*" *Gushlak* v. *Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order). Applicant may therefore properly proceed with the present application on an *ex parte* basis. Clearing House's "due process rights are not violated because [it] can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.*

Next, the Court finds that Applicant's submission satisfies Section 1782's three statutory requirements. *First*, the application seeks discovery from an entity that resides in the Southern District of New York. (*See* Radjawane Decl. ¶¶ 23). *Second*, Applicant seeks to use the discovery in an ongoing adversarial action pending before the Central Jakarta District Court. (*See id.* ¶¶ 13-16 (describing the Jakarta Proceeding), ¶¶ 17-19 (describing the intended use of the discovery)). *Third*, Applicant is a litigant in the Jakarta Proceeding and is therefore an "interested person" for purposes of Section 1782. *See Intel*, 542 U.S. at 256 (remarking that "[n]o doubt litigants are included among … the 'interested person[s]' who may invoke [Section] 1782"); *see also In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020)

(observing that "since Applicant is a litigant [in the foreign proceeding], it plainly is an interested person" within the meaning of Section 1782).

The Court further finds that the four *Intel* factors weigh in favor of granting Applicant's request.  *First*, Clearing House is not a participant in the Jakarta Action.  (Radjawane Decl. ¶ 25).  Moreover, Applicant represents that Clearing House does not operate in Indonesia and will not likely be subject to the jurisdiction of any Indonesian court, such that "[a]bsent the instant Application, the evidence sought from [] Clearing House would almost certainly remain outside the reach of the Jakarta Court and other Indonesian Courts." (*Id.*).

*Second*, the Jakarta Proceeding is an appropriate subject of judicial assistance because there is no indication that the Central Jakarta District Court would not be receptive to discovery obtained through Section 1782.  (*See* Radjawane Decl. ¶ 26).  *See Euromepa S.A.* v. *R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (stating that "a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782").

*Third*, "nothing in the record suggests" that Applicant is seeking to circumvent foreign proof-gathering restrictions or other policies.  *In re BNP Paribas Jersey Tr. Corp. Ltd.*, No. 18 Misc. 47 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018).  (*See* Radjawane Decl. ¶ 27 (declaring that the

"request to obtain evidence through this Application does not circumvent any proof-gathering restriction under Indonesian law")).

Lastly, Applicant's proposed subpoena is not unduly intrusive or burdensome when judged by the "familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. The subpoena is temporally limited to coincide with Clearing House's applicable document and information retention periods, and Applicant represents that the information sought is the type of evidence that Clearing House regularly retrieves and produces as a third party. (*See* Radjawane Decl. ¶ 28).

Accordingly, the Court finds that Applicant's submission comports with the *Intel* factors and is consistent with the twin purposes of Section 1782.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Applicant's application for judicial assistance pursuant to 28 U.S.C. § 1782. Applicant may serve the proposed subpoena filed at docket entry 1-2.

Clearing House is hereby ORDERED to produce any and all records, electronic or otherwise, in their possession in accordance with the subpoena.

The Clerk of Court is directed to terminate the motion at docket entry 1 and to close this action for administrative purposes. If any other party files a motion to quash, the action shall automatically be reopened.

SO ORDERED.

Dated:  May 30, 2024
         New York, New York

                                                KATHERINE POLK FAILLA
                                                United States District Judge